# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

Jacksonville Division

David Nickell

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

I.C. SYSTEM, INC

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case No. 3:20-cv-554-J-34JRK
(to be filled in by the Clerk's Office)

Jury Trial: (check one) [X] Yes  [ ] No

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: David Nickell
   Street Address: 2603 NW 13th St, #148
   City and County: Gainesville, Alachua
   State and Zip Code: Florida, 32609
   Telephone Number: 828-808-6741
   E-mail Address: davidLNickell@icloud.com

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
- Name: I.C. SYSTEM, INC
- Job or Title (if known):
- Street Address: 444 Highway 96 East
- City and County: Saint Paul
- State and Zip Code: MN, 55164
- Telephone Number: 888-735-0516
- E-mail Address (if known):

(CT Corp system, 1200 South Pine Island Rd, Plantation, Fl 33324)

Defendant No. 2
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

2

## JURISDICTION AND VENUE

6. Jurisdiction of this court arises pursuant to 15 U.S.C. S. 1692 k (d), which states that such actions may be brought and heard before 'any appropriate United States District Court without regard to the amount in controversy, and 28 U.S.C. S 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

   Defendant conducts business in the State of Florida and therefore, personal jurisdiction is established.

   Venue is proper pursuant to 28 U.S.C. S 1391 (b) (2).

## DECLARATORY RELIEF

7. Declaratory relief is available pursuant to 28 U.S.C. S 2201 and 2202.

## PARTIES

Plaintiff is a natural person residing in Keystone Heights, Florida 32656. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. S 1692 A (3). Defendant is a national debt collection company with corporate Headquarters located at 444 Highway 96 E. St., Minnesota 55127-2557. Defendant is a "debt collector" as that term is defined by 15 U.S.C. S 1692 A (6) And has repeatedly contacted plaintiff in an attempt to collect a debt. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assign, principles, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

6. Jurisdiction of this court arises pursuant to 15 U.S.C. S. 1692 k (d), which states that such actions may be brought and heard before 'any appropriate United States District Court without regard to the amount in controversy, and 28 U.S.C. S 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

   Defendant conducts business in the State of Florida and therefore, personal jurisdiction is established.

   Venue is proper pursuant to 28 U.S.C. S 1391 (b) (2).

## DECLARATORY RELIEF

7. Declaratory relief is available pursuant to 28 U.S.C. S 2201 and 2202.

## PARTIES

Plaintiff is a natural person residing in Keystone Heights, Florida 32656. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. S 1692 A (3). Defendant is a national debt collection company with corporate Headquarters located at 444 Highway 96 E. St., Minnesota 55127-2557. Defendant is a "debt collector" as that term is defined by 15 U.S.C. S 1692 A (6) And has repeatedly contacted plaintiff in an attempt to collect a debt. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assign, principles, sureties, subrogees, representatives, and insurers.

## **PRELIMINIARY STATEMENT**

8. The fair debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties, See 15 U.S.C. S 1692 et seq. The FDCPA imposes civil Liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. S 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

9. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions, First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. S 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. 1692e. And third a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. S 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses. Oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

10. In acting the FDCPA, the United States Congress found that "there is abundant evidence of the use of abuse, deceptive, and unfair debt collection practices by many debt collectors", which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. S 1692a. Congress additionally found existing

laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. 1692b.

11. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. S 1692e.

### STATEMENT OF FACTS

1. Plaintiff's complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. S. 1692 et seq. ("FDCPA"). At all relevant times, Defendant I.C. System was attempting to collect an alleged consumer debt from plaintiff.

2. In October 2019 Plaintiff was in the market for a cell phone, after getting prices from T-Mobile, Plaintiff had his credit checked by Sprint in Orange Park Fla., a Sprint corporate store, Plaintiff did not buy a phone from Sprint or T-Mobile at that time.

3. In November of 2019 Plaintiff went back to Sprint, again Sprint checked his credit, once again plaintiff could not make a deal with Sprint, Plaintiff decided on T-Mobile where he purchased a phone and new service.  It appears Sprint created a fake account in Plaintiffs name, charged it off, and referred it to collection.

### EMAILS AND PHONE CALLS

4. Plaintiff never had service with Sprint; Plaintiff never purchased a cell phone from Sprint.

On the 27th of November, 2019, Plaintiff started receiving emails from Sprint, the account number supplied at that time was, xxxxx5973. The email stated your bill is ready.

On the 10th of December, 2019, Plaintiff received another email stating "your Sprint bill is ready", this time the account number supplied was, xxxxx4868.

On the 29th of December, 2019, Plaintiff received another email stating "your Sprint bill is ready", for account xxxxx5973.

On the 27th of February 2020, Plaintiff received another email stating "your Sprint bill is ready", for account xxxxx5973.

On the 28th of April, 2020 plaintiff received another email stating "your Sprint bill is ready", for account xxxxx5973.

5. Plaintiff learned from a friend in the cell phone industry that Sprint engages in a few deceptive trade practices, e.g., Sprint creates accounts while performing credit checks, part of the credit check process is creating a user name and password, unknown to the Plaintiff he was setting up an account.

On the 19th day of April, 2020, Plaintiff was reviewing his credit files online and noticed a collection from " I.C. SYSTEM,INC", I.C. SYSTEM,INC flagged plaintiffs credit file three (3) times, April 19,2020, April 26,2020, and , May 3, 2020. Plaintiff immediately sent a demand letter to I.C.SYSTEM demanding proof of debt, as of June 3, 2020, I.C. SYSTEM has failed to show proof of the debt.

Defendants collectively, harassed plaintiff by phone and email, plaintiff has blocked 50 numbers used by Defendants in efforts to collect a non-existing debt, most when called backed ended in a recording saying "you have reach a non-working number". Plaintiff acquired a real number, when calling the I.C. System their representatives refused to give their names stating "you don't need them", said reps were quarrelsome at best, often interrupting Plaintiff, even asking why they need to prove the debt.

6. I.C. SYSTEM failed to send Plaintiff a notice of his rights under the FDCPA following initial contact, failed to send info on dates or when the alleged debt took place. I.C. SYSTEM has violated Plaintiffs rights under 15 USC 1692g.

I.C. SYSTEM placed the alleged debt on Plaintiffs credit before sending notice of said debt, before contact with Plaintiff.

7. Plaintiff was denied credit through several auto dealerships, their lenders cited the alleged cellular debt, stating, "If you don't pay your phone bill you won't pay your car loan".

8. Plaintiff was denied other services through his current cellphone provider citing "poor credit history with Sprint".

9. Plaintiff spoke with Experian about the debt collection action by I.C. SYSTEM; Experian explained Plaintiffs credit score dropped 35% because of the collection.

## CONSTRUCTION OF APPLICABLE LAW

10. The FDCPA is a strict liability statute. Taylor v. perrin, Landry, Delaunay & Durrand, 103 F.3d 1232 (5th Cir. 1997. "Because the act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F.3d 30 (2nd Cir. 1996); see also Gearing v. Check Brokerage Corp, 233 F.3d 469 (7th Cir 2000) (holding unintentional misrepresentation of debt collectors legal status violated FDCPA); Clomon v. Jackson, 988 F.2d 1314 (2d Cir 1993).

11. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd, 472 F. Supp 2d 1235 W.D. Wash 2006). The remedial nature of the FDCPA requires that the courts interpret it liberally. Clark v. Capital Credit & Collection Services Inc, 460F.3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C S 1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305F.3d 1107 (11th Cir 2002).

12. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F.2d 107 (3rd Cir 1991); Swanson v. Southern Oregon Credit Services, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not

"made for the protection of experts, but for the public- that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F.2d at 1318.

## COUNT ONE
## DEFENDANT I.C SYSTEM VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

13. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   A. Defendant violated the FDCPA generally;
   B. Defendant violated S. 1692d of the FDCPA by harassing the Plaintiff in connection with the collection of an alleged debt;
   C. Defendant violated S. 1692d (5) of the FDCPA, when it caused the Plaintiffs cell phone to ring repeatedly or continuously with the intent to harass, annoy or abuse plaintiff;
   D. Defendant violated S. 1692e of the FDCPA by using false, deceptive, or or misleading representations or means in connection with the collection of a debt;
   E. Defendant violated the FDCPA by creating a debt they knew to false, pursuing a collection of a non-existing debt;
   F. Defendant violated the state Act; Defendant violated Fla. Stat. 559.552 which makes any violation of the FDCPA a violation of the state Act.

G. Defendant violated 559.72 (7) by willfully engaging in conduct which would reasonably be expected to harass the debtor or any member of his family;

H. Defendant violated 559.72 (9) claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist;

I. Defendant violated S 1692e (10) by using false representations;

J. Defendant violated S 1692f (1) of the FDCPA by seeking to collect an amount no expressly authorized by agreement creating the debt.

K. Defendant violated S 1692g of the FDCPA by failing to send written notification within five (5) days after the initial communication with Plaintiff, advising plaintiff of his rights to dispute the debt or request verification of the debt.

L. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA at any time.

14. As a result of the above violations, Defendant I.C. SYSTEM is liable to the Plaintiff for declaratory relief, actual damages, statutory damages, punitive damages and all cost associated with this action.

WHEREFORE the Plaintiff David Nickell prays for judgment as follows against I.C. SYSTEM as follows:

A. All actual compensatory damages suffered pursuant to 15 U.S.C. Sn 1692k (a) (1);

B. Statutory damages of $1000.00 for the violation of the FDCPA pursuant to 15 U.S.C. S 1692k (a)(2)(A);

C. Declaratory judgment that Defendants conduct violated the FDCPA, and declaratory and injunctive relief for the Defendants violations of the state Act;

D. Statutory damages pursuant to 559.77
E. Punitive damages.
F. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice Plaintiff David Nickell demands jury trial in this case.

6/4/20

/s/ [signature]
David Nickell
2603 NW 13TH STREET #148
GAINESVILLE FLORIDA 32609